**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

Gary Alan Countryman,

Petitioner,

v.

Noah Nagy,

Respondent.

Case No. 25-cv-13523

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

________________________________/

**ORDER GRANTING PETITIONER'S
MOTION FOR RECONSIDERATION [9]**

On October 30, 2025, *pro se* Petitioner Gary Alan Countryman, a Michigan inmate, signed a petition for a writ of habeas corpus challenging his state convictions pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The petition was docketed on November 6, 2025. On December 12, 2025, the petition was dismissed without prejudice due to Petitioner's failure to correct the filing fee deficiency, given that he did not submit the filing fee or an *in forma pauperis* application by the date specified by the Court. (ECF No. 4.) The Court issued a judgment on December 12, 2025 as well. (ECF No. 5.)

Before the Court is Petitioner's motion for reconsideration filed under Eastern District of Michigan Local Rule 7.1.[1] (ECF No. 9.) Petitioner's motion is dated June 17, 2026 (*id.* at PageID.49), and it was filed on the docket on June 23, 2026. He asks that the Court reconsider its dismissal order dated December 12, 2025. (*Id.* at PageID.48.)

Motions for reconsideration of final orders are not permitted under Local Rule 7.1 and must be brought under Federal Rule of Civil Procedure 59(e) or 60(b). *See* E.D. Mich. LR 7.1(h)(1); *Ackerman v. Washington*, No. 13-14137, 2021 WL 5782896, at *1 n.1 (E.D. Mich. Dec. 7, 2021). A motion under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Here, Petitioner filed his motion more than twenty-eight days after the judgment was entered. (*See* ECF Nos. 5, 9.) As a result, the Court construes Petitioner's motion as one under Rule 60(b). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . ." (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

[1] Petitioner's motion states that he seeks relief "pursuant to L. Civ. R. 7.4." (ECF No. 9, PageID.48.) The Court interprets this language as referring to Eastern District of Michigan Local Rule 7.1, given that (1) Local Rule 7.4 does not exist, (2) Local Rule 7.1 is the only civil local rule that begins with the number 7, and (3) Local Rule 7.1 addresses motions for reconsideration.

Under Rule 60(b)(1), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A Rule 60(b)(1) motion must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Sixth Circuit has stated that

> "[i]n determining whether relief is appropriate under Rule 60(b)(1), courts consider three factors: '(1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense. A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors.'"

*Yeschick v. Mineta*, 675 F.3d 622, 628–29 (6th Cir. 2012) (quoting *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457–58 (6th Cir. 2011)). For purposes of Rule 60(b)(1), "'neglect' . . . include[s] 'late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)). Assessing "whether the 'neglect' was excusable involves an equitable

determination that takes into account (1) the danger of prejudice to the other party, (2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith." *Id.* (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

The record indicates that an order to correct the filing fee deficiency was mailed to Petitioner on November 10, 2025. (ECF No. 3.) The order required him to submit the filing fee or an *in forma pauperis* application by December 1, 2025. (*Id.*) The case was dismissed without prejudice on December 12, 2025 due to Petitioner's failure to remedy the filing fee deficiency. (ECF No. 4.)

On December 15, 2025, the Court received a letter from Petitioner dated December 8, 2025—before Petitioner's case was dismissed. (ECF No. 6.) In the letter, Petitioner indicated that he received the Court's order requiring him to update the Court with any change of address. (*Id.* at PageID.41.) He also indicated that "[m]ore mail was sent to [him] with a postmark of Nov[ember] 12th that [he] was notified via Mail Rejection on Nov[ember] 21st." (*Id.*) Petitioner stated that he "exhausted [his] abilities through a hearing with [his] prison counselor . . . to get [his] mail." (*Id.*)

It is not clear when, if ever, Petitioner received the deficiency order, but the Court received the filing fee on January 29, 2026. Then, with nothing else occurring in his case, Petitioner sent a letter to the Court that was filed on April 20, 2026. (ECF No. 7.) In the letter, Petitioner requested an update on the case. (*Id.* at PageID.43.) In an order dated April 27, 2026, the Court informed Petitioner that his case had been dismissed without prejudice, and it refunded the late filing fee to him. (ECF No. 8, PageID.46–47.) The Court informed Petitioner that if he wished to seek permission to reopen the case, he was required to file an appropriate motion. (*Id.* at PageID.47.)

On June 23, 2026, Petitioner's motion for reconsideration was filed on the docket. (ECF No. 9.) Petitioner states that he failed to meet the deadline to correct the filing fee deficiency "[d]ue to unforeseeable event's [sic] beyond the Petitioner's control." (*Id.* at PageID.48.) Petitioner states that the mailroom at his facility "is chronically under staffed [sic], which often necessitates a slow down [sic] in the processing of inbound/outbound U.S. Mail, whereby prisoner's [sic] may sometimes have to wait weeks before receiving or sending inbound/outbound mail. Which is precisely the reason why the Petitioner missed the Court

imposed . . . filing deadline." (*Id.* at PageID.49.) Petitioner also indicates that he "is force [sic] to contend with other unforeseeable everyday prison event's [sic]" outside of his control that "were contributing factors in the Petitioner's inability to comply with the Court's . . . order." (*Id.*)

Because the record shows that Petitioner mailed a letter to the Court dated December 8, 2025 (before the case was dismissed) in which he noted that he was experiencing issues with his mail (ECF No. 6), it appears that Petitioner acted with minimal culpability and with reasonable diligence in attempting to ensure that his case was properly filed. When he discovered that his case had been dismissed, Petitioner submitted the filing fee with the apparent erroneous belief that it would automatically reinstate the case. Then, after sending the Court a letter asking about the status of his case, Petitioner learned that the case had not been reinstated. Approximately two months later, he filed his motion for reconsideration. Based on this chronology, it does not appear to the Court that Petitioner has been acting in bad faith.

Furthermore, it does not appear that Respondent Noah Nagy would be prejudiced by a reinstatement of the case. Respondent has not yet been served with the petition. After screening the case as required by Rule 4

of the Rules Governing § 2254 Cases, the Court will determine whether to serve the petition on Respondent and require an answer under Rule 5. If the case proceeds, the petition will ultimately be briefed and adjudicated on a presumably already existing state court record.

Given Petitioner's *pro se* status, his reasonably diligent efforts, and his apparent good faith attempt at commencing this action, the Court finds that his failure to timely cure the filing fee deficiency was the product of excusable neglect. Accordingly, Petitioner's motion (ECF No. 9) is GRANTED. The Court VACATES the order dismissing the case without prejudice (ECF No. 4) and REINSTATES the case to the Court's active docket.

IT IS SO ORDERED.

Dated: November 10, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 10, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager